1  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
2  1400 Coleman Ave Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
5  irakli@allaccesslawgroup.com

6  Attorneys for Plaintiff RICHARD HENDERSON-THOMAS

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

12                                    ) **Case No.** 25-cv-2616
   RICHARD HENDERSON-                 )
13 THOMAS,                            ) ***Civil Rights***
                                      )
14              Plaintiff,            ) **COMPLAINT FOR**
15       vs.                          ) **INJUNCTIVE RELIEF,**
                                      ) **DECLARATORY RELIEF, AND**
16 CHONG CHOL CHOI; REGINA            ) **DAMAGES**
17 CHOI; and LSG INVESTMENT           )
   INC.,                              ) **DEMAND FOR JURY TRIAL**
18                                    )
19              Defendants            )
                                      )
20

21

22

23

24

25

26

27

        COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
                              DAMAGES
                                 1

RICHARD HENDERSON-THOMAS ("Plaintiff") complains of CHONG CHOL CHOI; REGINA CHOI; and LSG INVESTMENT INC. ("Defendants") as follows:

### SUMMARY

1.    This is a civil rights action by plaintiff RICHARD HENDERSON-THOMAS ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Lucky 2 Liquor, located at 4009 W Valencia Dr, Fullerton, CA 92833 (hereafter, "Lucky 2 Liquor").

2.    Plaintiff's claims arise out of his visit to Lucky 2 Liquor in October 2025. Plaintiff seeks injunctive relief, damages, attorney fees, costs, and litigation expense against Defendants CHONG CHOL CHOI; REGINA CHOI; and LSG INVESTMENT INC., the owners and/or operators of Lucky 2 Liquor, pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.), the Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.), the California Disabled Persons Act (Cal. Civ. Code § 54, et seq.), and Cal. Health and Safety Code §§19955 et seq.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. This Court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. § 1367.

4.    Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

### PARTIES

5.    Plaintiff is, and at all times relevant hereto was, a qualified individual

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

with a physical disability as defined by 42 U.S.C. § 12102, Cal. Civ. Code §§ 51, 52, 54, et seq., California Government Code §§ 12926, 12926.1, 11135, and other statutory measures which refer to the protection of the rights of "physically disabled persons." At all relevant times to this Complaint, Plaintiff has been substantially limited in his ability to walk due to a 2016 accident that resulted in loss of sensation in his left leg and drop foot. His condition was further aggravated by a subsequent fractured left femur. Plaintiff possesses a permanent disabled parking placard issued by the State of California. He lives approximately four miles from the subject premises. Plaintiff relies on a wheelchair for mobility in public.

6.     Upon information and belief, Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings, also known as Lucky 2 Liquor.

7.     Plaintiff is informed and believes and thereon alleges that the subject facilities have been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with federal and California access standards applied at the time of each such new construction and/or alteration.

8.     The business is a "public accommodation," "business establishment," and "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., and the ADA, 42 U.S.C. §12101, et seq.

9.     Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

10.    Lucky 2 Liquor is a facility open to the public, a place of public accommodation, and a business establishment. It is subject to the requirement of § 301(7) of the ADA (42 U.S.C. § 12181(7), California Civil Code §§51, 51.5 and 54, et seq., and Cal. Health and Safety Code §§19955 et seq.

11.    In October 2025, Plaintiff and his brother stopped at Lucky 2 Liquor after dinner to pick up drinks and snacks for a gaming session planned for later that evening. Upon entering, Plaintiff immediately encountered significant accessibility barriers. The first aisle was so narrow that Plaintiff could barely squeeze through, and other aisles were similarly too narrow for Plaintiff to travel down at all. To avoid the embarrassment of becoming stuck, Plaintiff skipped several aisles entirely and proceeded directly to the beverage coolers.



COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

1

2          12.     When Plaintiff reached the desired cooler, Plaintiff discovered that it

3   could not be opened without twisting awkwardly due to lack of adequate clear

4   floor space.



5

6

7

8

9

10

11

12

13

14

15

16

17

18          13.     Plaintiff ultimately had to call for assistance from his brother, which

19   caused Plaintiff to feel embarrassed and singled out.

20          14.     Next, when Plaintiff located the aisle containing the chips that he

21   wanted, Plaintiff was forced to brush against a shelf just to enter. The aisle was so

22   cramped that Plaintiff could not turn around and was required to reverse out of the

23   aisle, causing further humiliation. After also obtaining candy, Plaintiff and his

24   brother checked out quickly and left the store feeling frustrated by the entire

25   experience.

26          15.     Plaintiff is deterred from returning to Lucky 2 Liquor as long as it

27   remains inaccessible to him. He will return to shop at Lucky 2 Liquor if it is made

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

5

accessible.

16.    The wrongful conduct of Defendants, did cause irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the 1991 and/or 2010 ADA Standards for Accessible Design and/or California Title 24 Building code requirements, and/or other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of said barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 and other similar rules, ordinances, regulations, statutes, and requirements, either then, now, or in the future.

17.    Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

**1. No accessible path of travel from ADA parking to front entrance**
Observed Condition: No compliant accessible route is provided from the designated accessible parking space to the primary entrance.
Noncompliance: Lack of an accessible route results in a break in the required continuous and unobstructed path of travel.

**2. ADA parking sign is not reflectorized**
Observed Condition: The accessible parking identification sign is not reflectorized.
Noncompliance: Sign does not meet the California reflectorizing standard.

**3. Accessible parking sign does not include "Van Accessible"**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
6

Observed Condition**:** The accessible parking stall designated for van use does not display the required "Van Accessible" designation.
Noncompliance: Missing required van designation.

**4. No tow-away sign posted at the driveway**
Observed Condition: No tow-away sign is installed at the driveway/entrance of the parking facility.
Noncompliance: The required tow-away sign is not provided.

**5. Interior aisles serving two sides are less than 44 inches wide**
Observed Condition: Aisles that serve shelves or merchandise on both sides measure less than 44 inches clear.
Noncompliance: Aisle width is below the required minimum.

**6. Interior flooring has vertical elevation changes**
Observed Condition: Vertical changes in level occur on the interior path of travel.
Noncompliance: Flooring contains noncompliant vertical level changes exceeding permitted limits.

**7. Exterior water machine: highest operable part is over 48 inches high**
Observed Condition: The highest operable part on the exterior water vending machine exceeds 48 inches above the finish floor.
Noncompliance: Operable components exceed maximum allowable reach range.

**8. Front entrance pull-side landing slope exceeds 2%**
Observed Condition: The landing on the pull side of the main entrance has a slope exceeding 2%.
Noncompliance: Landing exceeds the maximum slope allowed for door maneuvering clearances.

**9. No turn-around space at the end of certain aisles**
Observed Condition: Aisle dead-ends do not provide the required turn-around space.
Noncompliance: No compliant T-turn or turning circle is provided.

**10. Fridge doors lack the required 30 by 48-inch clear floor space in front**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

<u>Observed Condition</u>: Refrigerated case doors do not provide the required 30"x48" clear floor space for forward or side approach. <u>Noncompliance</u>: Required clear floor space is not provided at refrigeration units.

18.     These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 et seq.]

### (Against all Defendants and each of them)

19.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

20.     Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

21.     Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

22.     The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

23.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

d. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable. 42 U.S.C. § 12183(a)(1).

e. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24.     Plaintiff alleges on information and belief that Lucky 2 Liquor was designed and constructed (or both) after January 26, 1993, independently

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9

1  triggering access requirements under Title III of the ADA. Irrespective of Lucky 2
2  Liquor's construction and alteration history, removal of the access barriers at the
3  subject premises are subject to the "readily achievable" barrier removal
4  requirements of Title III of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

5      25.    Here, Defendants violated the ADA by designing or constructing (or
6  both) Lucky 2 Liquor in a manner that did not comply with federal disability
7  access standards even though it was practicable to do so.

8      26.    Moreover, 28 CFR § 36.211 mandates that "A public accommodation
9  shall maintain in operable working condition those features of facilities and
10 equipment that are required to be readily accessible to and usable by persons with
11 disabilities by the Act or this part." Defendants have violated this regulation by
12 failing to ensure that the accessible features at Lucky 2 Liquor are adequately
13 maintained.

14     27.    Regardless of the construction and alteration history of the subject
15 premises, the removal of each of the barriers complained of by Plaintiff were at all
16 times here mentioned "readily achievable" under the standards §§12181 and 12182
17 of the ADA. Because the benefits of barrier removal at Lucky 2 Liquor clearly
18 outweigh the costs, and because many of the barriers identified are the very types
19 the U.S. Department of Justice presumes to be "readily achievable" to remediate,
20 barrier removal at this facility is readily achievable within the meaning of the
21 ADA. The corrective measures at issue such as widening or reconfiguring aisles,
22 properly signing accessible parking, and providing compliant clear floor space at
23 refrigeration units are low-cost, routine modifications that do not require major
24 structural work. These types of changes are commonly implemented by public
25 accommodations and are expected by DOJ guidance to be within the ordinary
26 financial and operational capacity of a public accommodation. Given the modest
27 expense and logistical simplicity of these measures, especially when weighed

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
10

against the substantial benefit of granting people with mobility disabilities full and equal access, removal of the barriers at Lucky 2 Liquor is readily achievable.

28.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]
### (Against all Defendants and each of them)

29.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

30.     Lucky 2 Liquor is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

31.     Defendants are the owners and/or operators of a business establishment.

32.     Defendants violated the Unruh Act by their acts and omissions:

    a.  Failure to construct or alter Lucky 2 Liquor in compliance with state building code and state architectural requirements ("CBC");

    b.  Failure to remove known barriers to access at Lucky 2 Liquor;

    c.  Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Lucky 2 Liquor;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

d. Failure to maintain accessible features in violation of CBC 11B-108;

e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

33.     Plaintiff has experienced barriers to access at Lucky 2 Liquor, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code § 55.56(c). Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

34.     On information and belief, Lucky 2 Liquor is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

35.     These barriers to access render Lucky 2 Liquor inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

36.     Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

37.     As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12

mobility disabilities like Plaintiff from obtaining full and equal access to Lucky 2 Liquor. Defendants' discriminatory practices and policies that deny full enjoyment of Lucky 2 Liquor to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

38.     On information and belief, the access features of Lucky 2 Liquor have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

39.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

40.     Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §§ 54 *et seq.*]

### (Against all Defendants and each of them)

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

41.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

42.   Lucky 2 Liquor is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code  § 54 *et seq.*

43.   The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civil Code § 54.

44.   The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).

45.   The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, Cal. Civil Code  § 54.1(d).

46.   Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

a.   Failure to construct or alter Lucky 2 Liquor in compliance with the CBC;

b.   Failure to remove known barriers to access at Lucky 2 Liquor;

c.   Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Lucky 2 Liquor;

d.   Failure to maintain accessible features in violation of CBC 11B-

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

108; and

e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

47.   Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

**(Against all Defendants and each of them)**

48.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

49.   Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

50.   Health & Safety Code §19956, which appears in the same chapter as

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

15

§19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

51.     On information and belief, portions of Lucky 2 Liquor and/or the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Lucky 2 Liquor and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Lucky 2 Liquor to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

52.     Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Lucky 2 Liquor and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

53.     On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

54.     Lucky 2 Liquor is a "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

55.     As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF:**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.     Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at Lucky 2 Liquor to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Lucky 2 Liquor in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.     Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

17

b.  To provide reasonable accommodation for persons with disabilities at Lucky 2 Liquor;

c.  To ensure that persons with disabilities are not denied equal benefits at Lucky 2 Liquor;

d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

e.  To maintain such accessible facilities once they are provided;

f.  To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Lucky 2 Liquor; and

g.  To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Lucky 2 Liquor.

4.    Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5.    Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6.    Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7.    Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.    Plaintiff requests interest on monetary awards as permitted by law;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

18

and

9.    Plaintiff requests any other relief that this Court may deem just and proper.

Date: November 20, 2025                    ALLACCESS LAW GROUP


                                                    _/s/ Irakli Karbelashvili_
                                           By IRAKLI KARBELASHVILI, Esq.
                                           Attorney for Plaintiff
                                           RICHARD HENDERSON-THOMAS



**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.


Date: November 20, 2025                    ALLACCESS LAW GROUP


                                                    _/s/ Irakli Karbelashvili_
                                           By IRAKLI KARBELASHVILI, Esq.
                                           Attorney for Plaintiff
                                           RICHARD HENDERSON-THOMAS

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
19